# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Lorie Jensen, as parents, guardians and next friends of Bradley J. Jensen; James Brinker and Darren Allen, as parents, guardians and next friends of Thomas M. Allbrink; Elizabeth Jacobs, as parent, guardian and next friend of Jason R. Jacobs; and others similarly situated, | Civil No. 09-1775 (DWF/FLN) |
| Plaintiffs, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, an agency of the State of Minnesota; Director, Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Clinical Director, the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Douglas Bratvold, individually, and as Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Scott TenNapel, individually and as Clinical Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; and State of Minnesota, | |
| Defendants. | |

M. Ann Mullin, Esq., Mark R. Azman, Esq., and Shamus P. O'Meara, Esq., Johnson & Condon, PA, counsel for Plaintiffs.

P. Kenneth Kohnstamm and Steven H. Alpert, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for State Defendants.

Samuel D. Orbovich, Esq., and Christopher A. Stafford, Esq., Fredrikson & Byron, PA, counsel for Defendant Scott TenNapel.

---

The parties reached a Stipulated Class Action Settlement Agreement ("Settlement Agreement") in this case in June 2011. (Doc. No. 104.) On December 5, 2011, the Court entered a Final Approval Order for Stipulated Class Action Settlement Agreement ("December 5 Order"). (Doc. No. 136.) Paragraph 5 of the December 5 Order states, in pertinent part:

> 5. By separate Order, the Court shall determine how the reduced Settlement Amount, minus attorneys' fees and costs awarded below, shall be apportioned amongst Plaintiffs and those Class Members who submitted Claim Forms, and further determine how any remaining amounts shall be distributed in accordance with the terms of the Agreement.

(*Id.* ¶ 5.) This Order constitutes the "separate Order" referred to in paragraph 5 of the December 5 Order.

The Settlement Agreement established the procedure by which apportionment of individual Class Member settlement amounts would be determined. (*See* Doc. No. 136, Ex. A, Settlement Agreement § XIV ¶ A.) Specifically, in addition to basing the apportioned amount on the number of documented times a Class Member was "Restrained/Secluded," the Settlement Agreement states: "The Court may also utilize other factors for apportionment which in the interest of justice it believes should be considered, including, but not limited to, demonstrated serious physical injury." (*Id.* § XIV ¶ A, subp. 3.)

Pursuant to Section XIV, Paragraph A of the Settlement Agreement, the parties submitted a confidential document entitled "Final Apportionment of Settlement Fund" in

2

which the proposed amounts were set forth for all 190 Class Members who submitted claim forms.  Out of the 190 Class Members, 30 Class Members submitted additional information, requesting additional amounts based upon other factors or otherwise disputing in part the number of times they had been "Restrained/Secluded."

The Court has now conducted a careful review of all documents and information submitted by the individual Class Members requesting additional amounts.  The Court has considered not only the overall settlement and the intent of the Settlement Agreement to promote consistent distributions among similarly situated Class Members, but also the positions asserted by Class Members and their guardians and family members.  The Court acknowledges that issues have been raised as to the nature and accuracy of the records submitted to the Court and all parties, but the Court has based its decisions on the record before it.

Moreover, in evaluating the "other factors" for apportionment as contemplated by Section XIV, Paragraph A, Subparagraph 3 of the Settlement Agreement, the Court evaluated the following:  causation issues in those cases in which a death occurred, whether that death occurred at the facility, and the date on which the death occurred; and conduct outside the class period relevant to conduct that occurred during the class period.  The Court also carefully scrutinized the totality of the circumstances, as the interests of justice required, relating to the length of time each Class Member was in the facility and the overall effect of restraints on the Class Member, consistent with the Settlement Agreement.

Accordingly, based upon the Settlement Agreement before the Court, the Court having reviewed the record before it, and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The settlement amounts pursuant to the Settlement Agreement shall be paid consistent with the amounts specified in the attached sealed schedule identified as Final Order Exhibit B. Final Order Exhibit B shall be sealed except to the extent each individual apportioned amount shall be disclosed to the Class Member being awarded that amount.[1]

2. This Order, as well as a copy of redacted Final Order Exhibit B referencing only the specified apportioned amount for that specific Class Member, shall accompany each check issued, whether that check is issued by the Clerk of the United States District Court or by class counsel, Johnson & Condon, PA. A copy of these Orders shall be provided to the Class Member and the parent or guardian at the time the check is issued, along with a list of recommended Resources that Class Members or their guardians or family members can consult should they have any concerns about how to assure that the funds will be used solely for the benefit of the Class Members as well as the effect an

---

[1] Pursuant to the agreement of the parties, the Court has attached to this Order a redacted copy of Final Order Exhibit B that specifies only the amounts that each Class Member shall receive with all other information including the identity of each Class Member redacted.

apportioned amount may have on a Class Member's eligibility for governmental benefits, or other similar inquiries.[2]

  3. In the event that, upon receipt of and notice of the apportioned amount, a Class Member (or a parent or guardian on a Class Member's behalf) wishes to consult with counsel and cannot afford counsel on an issue relating to eligibility, or otherwise

---

[2] The purpose of requiring that this Order be provided to both Class Members and parents or guardians is not only to ensure that those individuals are aware of the Court's Order in this matter, but also to ensure they are aware of Paragraph 7 of the December 5 Order, which states:

> 7. The Court finds and concludes that, both legally and as a matter of equity and fairness, the individual settlement amount being awarded to each individual class member is not a resource for eligibility purposes and, consequently, an individual settlement amount will not affect, in any way, a Class Member's eligibility for disability benefits or other related benefits, or otherwise jeopardize the Class Member's benefits or programming.
>
> This provision contemplates that if any agency, entity, or individual, private or public, disputes the Court's jurisdiction to make this finding, both as a matter of law and equity; or, contends that a Class Member's eligibility should be affected, the entity or individual must file a motion and come before this Court to address the claim. The Court also incorporates into this paragraph its remarks off the bench at the December 1, 2011 hearing.

(Doc. No. 136 ¶ 7.) The intent of this paragraph, consistent with the Settlement Agreement, is to give formal notice to all interested parties that the apportioned amounts are intended solely for the benefit of the Class Members and shall not create any adverse affect on Class Members receiving the apportioned amount. The Court expressly finds that the apportioned amounts are not deemed income, a tax liability, or a resource to any Class Member. To treat the individual awards as such would be contrary to the December 5 Order and the intent of all parties to the Settlement Agreement. Consequently, if any individuals, agencies, programs, or entities take a contrary position, they must proceed by motion to this Court with appropriate notice provided to the Class Member and their guardian as well as class counsel and counsel for the State.

seeks assurances from any provider that his or her award will not affect in any way his or her eligibility or the necessity of a special needs trust or pool trust, the Class Member or legal guardian should so inform class counsel.  Class counsel shall then make a request to the Court for determination of whether the Court should refer the matter to the Federal Bar Association's *Pro Se* Project or otherwise appoint counsel for the purpose of advising an individual Class Member or Class Members or for further action consistent with the Court's Orders and the Settlement Agreement.[3]

For Class Members apportioned $3,000 or more, the Settlement Agreement (section XIV ¶ F.) and Final Approval Order require that before these funds are released "the Court will ascertain whether the class member or legal guardian has taken appropriate steps[4] to safeguard eligibility for government benefits satisfactory to the Court including consideration of financial accounting and estate or trust planning issues involved."  To assist the Court's review, Class Members or their legal guardians should submit a letter to the Court at 724 Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN 55101 within fourteen (14) days after receiving a copy of this Order describing the steps they believe have been taken to safeguard Class Member funds and eligibility, including whether any special needs trust

---

[3]  This directive of the Court is based, in part, upon Section XIV, Paragraph F of the Settlement Agreement.  (*See* Doc. No. 136, Ex. A § XIV ¶ F.)  The Court also notes that Class Counsel will provide a letter to each Class Member along with this Order that explains the process.  The Court has reviewed the letter and respectfully urges each Class Member or his or her representative to review it.

[4]  The appropriate steps are also important to assure that the funds will be used for their intended purpose--solely for the benefit of the Class Member.

or other financial arrangement is in place for the protection of the Class Members. The Court will then review the submitted information and contact the Class Member or legal guardian to advise whether the safeguards described are satisfactory, or whether additional information is required. The Court shall continue to interact with class counsel and counsel for the State as necessary to implement this review process and the Settlement Agreement. Upon being notified of the Court's determination that a Class Member's funds and eligibility have been appropriately safeguarded, class counsel shall issue a check to the Class Member or their legal guardian for the apportioned amount along with the Orders and Resource information referenced in Paragraph 2, above. Should a Class Member or legal guardian have any questions regarding the Court's review process or eligibility issues, they may contact class counsel who shall then interact with the Court for further action consistent with the Court's Orders and the Settlement Agreement.

     4.    Consistent with Section XIV, Paragraph A, Subparagraph 4 of the Settlement Agreement, to the extent any portion of the settlement amount, less amounts for attorney fees, costs, and disbursements are not distributed to the [Plaintiffs in the class/Class Members], the Court shall distribute equally to three programs for individuals with developmental disabilities and their families, based upon recommendations to the Court by Colleen Wieck, Ph.D., Executive Director, Minnesota Governor's Council on Developmental Disabilities, and Anne Barry, Deputy Commissioner, Department of Human Services.

Dated: January 30, 2012

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge