UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Lorie Jensen, as parents, guardians and next friends of Bradley J. Jensen; James Brinker and Darren Allen, as parents, guardians and next friends of Thomas M. Allbrink; Elizabeth Jacobs, as parent, guardian and next friend of Jason R. Jacobs; and others similarly situated, | Civil No. 09-1775 (DWF/FLN) |
| Plaintiffs, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, an agency of the State of Minnesota; Director, Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Clinical Director, the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Douglas Bratvold, individually, and as Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Scott TenNapel, individually and as Clinical Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; and State of Minnesota, | |
| Defendants. | |

Margaret Ann Santos, Esq., Mark R. Azman, Esq., and Shamus P. O'Meara, Esq., O'Meara Leer Wagner & Kohl, PA, counsel for Plaintiffs.

Steven H. Alpert and Scott H. Ikeda, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for State Defendants.

Samuel D. Orbovich, Esq., and Christopher A. Stafford, Esq., Fredrikson & Byron, PA, counsel for Defendant Scott TenNapel.

---

On August 28, 2013, the Court issued an Order in which it acknowledged that the implementation of the Olmstead Plan was due from the State of Minnesota and the Minnesota Department of Human Services by November 1, 2013, for the Court's review and approval.  At that time, the Court also directed that the Olmstead Plan should include a separate chronological time table of tasks and deadlines to facilitate tracking and reporting and for regular updates to the Court, setting forth the status and progress of implementation.  Updates to the Olmstead Plan were also directed to include activities undertaken pursuant to the Olmstead Plan, documentation of such activities, and any requests for modification of the Olmstead Plan's deadlines or other elements.  The Court has now received not only the Olmstead Plan, dated November 1, 2013, [1] but also the *Court Monitor's Report to the Court: Minnesota's 2013 Olmstead Plan* ("Report") (Doc. No. 263).

Based upon the presentations of all parties and the current procedural status of the case, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

---

[1]  The Court would like to express its sincere thanks and appreciation to Lieutenant Governor Yvonne Prettner Solon for personally delivering the Olmstead Plan to the Court on October 31, 2013.

**ORDER**

1.     The Court provisionally accepts and approves the Olmstead Plan, subject to the Court's review after the State of Minnesota revises the Olmstead Plan based upon the Report by the Court Monitor and after the Court has reviewed any submissions by Plaintiffs' Class Counsel and the Executive Director of the Minnesota Governor's Council on Developmental Disabilities and the Ombudsman for Mental Health and Developmental Disabilities.

2.     Within 30 days of the date of this Order, Plaintiffs' Class Counsel may file any comments or objections to the Olmstead Plan as currently submitted.

3.     Within 30 days of the date of this Order, the Executive Director of the Minnesota Governor's Council on Developmental Disabilities and the Ombudsman for Mental Health and Developmental Disabilities may file any comments or objections to the Olmstead Plan as currently submitted.

4.     The State of Minnesota shall file its first update, including any amendment to the Olmstead Plan and a factual progress report that shall not exceed 20 pages, within 90 days of the date of this Order.

The Court expects the parties to address the progress toward moving individuals from segregated to integrated settings; the number of people who have moved from waiting lists; and the results of any and all quality of life assessments. The Court needs to be in a better position to evaluate whether the Settlement Agreement is indeed improving the lives of individuals with disabilities, as promised and contemplated by the Settlement Agreement itself.

As the Court ordered on August 28, 2013, updates to the Olmstead Implementation Plan shall include activities undertaken pursuant to the Plan, documentation of such activities, and any requests for modification of the Plan's deadlines or other elements.

5.   The State of Minnesota shall file a revised Olmstead Plan on or before July 15, 2014, after first providing a draft to the Court Monitor on or before July 5, 2014.

6.   **Cooperation between Olmstead Subcabinet, all parties and the Court Monitor:**

This Court respectfully directs that the Olmstead Subcabinet use all of its combined resources and talents to implement the Olmstead Plan.  Further, the Court respectfully directs that the Olmstead Subcabinet cooperate, communicate, and work with the Court Monitor.  The Court expects the Olmstead Subcabinet to discuss ongoing implementation with the Court Monitor, as well as the Executive Director of the Governor's Council on Developmental Disabilities and the Ombudsman for Mental Health and Developmental Disabilities, on a 60-day report system, with feedback and communication between all parties, so that true progress can be realized in the lives of the individuals with disabilities intended to benefit from the Settlement Agreement and so their lives can truly be significantly improved.

Dated:  January 22, 2014            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge