# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Lorie Jensen, as parents, guardians and next friends of Bradley J. Jensen; James Brinker and Darren Allen, as parents, guardians and next friends of Thomas M. Allbrink; Elizabeth Jacobs, as parent, guardian and next friend of Jason R. Jacobs; and others similarly situated, | Civil No. 09-1775 (DWF/FLN) |
| Plaintiffs, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, an agency of the State of Minnesota; Director, Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Clinical Director, the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Douglas Bratvold, individually, and as Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Scott TenNapel, individually and as Clinical Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; and State of Minnesota, | |
| Defendants. | |

Margaret Ann Santos, Esq., Mark R. Azman, Esq., and Shamus P. O'Meara, Esq., O'Meara Leer Wagner & Kohl, PA, counsel for Plaintiffs.

Steven H. Alpert and Scott H. Ikeda, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for State Defendants.

Samuel D. Orbovich, Esq., and Christopher A. Stafford, Esq., Fredrikson & Byron, PA, counsel for Defendant Scott TenNapel.

---

This Order is issued in response to the Court Monitor's *Report to the Court: Comprehensive Plan of Action* (November 27, 2013) ("Report") (Doc. No. 254), filed pursuant to the Court's August 28, 2013 Amended Memorandum and Order ("August 28, 2013 Order") (Doc. No. 224). Moreover, by way of context, the Court also issued an Order on October 17, 2013 ("October 17, 2013 Order") (Doc. No. 237), giving responsibility and authority to the Court Monitor to finalize the Minnesota Department of Human Services' ("DHS") plan for the Settlement Agreement Evaluation Criteria and MSHS-Cambridge closure, which was submitted by DHS on October 15, 2013. Pursuant to the Court's October 17, 2013 Order, the Court respectfully directed the Court Monitor to implement the Order in cooperation with Deputy Commissioner Anne Barry. That cooperation was to include ensuring the availability of appropriate DHS staff and the provision of documents and other resources requested by the Court Monitor.

Subsequently, on November 1, 2013, the Court entered an Order, (Doc. No. 248), giving responsibility and authority to the Court Monitor to finalize the DHS's plan for the Settlement Agreement Evaluation Rule 40 Modernization Plan, which was submitted by DHS on October 30, 2013, (Doc. No. 244), pursuant to the August 28, 2013 Order. The Court further directed in its November 1, 2013 Order that the Court Monitor implement its Order in cooperation with Deputy Commissioner Anne Barry, including, again, the

availability of the appropriate DHS staff and provision of documents and other resources. The Court, at that time, also directed Plaintiffs' Class Counsel and the consultants to the parties, Roberta Opheim and Dr. Colleen Wieck, to participate in the process.

The August 28, 2013 Order contemplated three plans: (1) a plan for the Settlement Agreement's then-existent provisions and the MSHS-Cambridge closure; (2) a plan for the Rule 40 modernization; and (3) the Olmstead Plan. After filing the first two of the proposed plans (DHS's Part 1 and Part 2 plans are at Doc. Nos. 244 & 246), Defendants conceded that they were unable to produce adequate implementation plans as to the first two elements. Consequently, with agreement of the Defendants, the Court ordered the Court Monitor to finalize the plans.

Plaintiffs' Class Counsel submitted its response on behalf of the Class to the Court Monitor's Report. Defendants' response, dated December 13, 2013, is a two-page letter, accompanied by a 94-page response suggesting proposed changes in the Court Monitor's Comprehensive Plan of Action.

It is difficult for the Court to look back on the numerous orders, including its adoption of the *Jensen* Settlement Agreement in December 2011, now more than two years ago, given the Court's view that there has been little progress toward improving the care, treatment, and lives of Minnesota citizens with disabilities. The Court sadly observes, as it has in a number of prior orders, that a meaningful survey of individuals with disabilities and their families would likely challenge the notion that any true improvement in the quality of care, treatment, and lives of Minnesota citizens with disabilities has occurred since December 2011.

Unfortunately, and perhaps contrary to the best interests of all parties concerned, Defendants have filed objections to 73 pages of the 94-page response. And, of the 51 pages that they have accepted, those have only been accepted if those edits are done, in the words of the Defendants, "for consistency with the Settlement Agreement and prior orders of this Court." That means that less than 10 pages of the 94-page document were accepted by the Defendants. Plaintiffs' Class Counsel, in a 4-page letter, has made objections as well. Plaintiffs' Class Counsel has asserted that "there are many proposed provisions and language in the Comprehensive Plan of Action that appear to contradict the provisions of the Class Action Settlement Agreement." Plaintiffs' Class Counsel then goes on to assert:

> Additional work is needed to harmonize the proposed Plan to the Court ordered provisions of the Settlement Agreement. While the Settlement Class supports the efforts of the Court Monitor to facilitate proper implementation of the Settlement Agreement, we are concerned about proposed Plan language which may operate to change the provisions of the Settlement Agreement or the spirit and intent of the Settlement Agreement.

Based upon the Court's review of all submissions related to the implementation plans, while fully supporting the Court Monitor's approach and without agreeing or disagreeing with the responses of the Plaintiffs or Defendants, and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.   **Immediate Conference of All Parties**.

The Court respectfully directs that Plaintiffs' Class Counsel, Defendants, and consultants Roberta Opheim and Dr. Colleen Wieck participate in a face-to-face conference with the Court Monitor within the next three-week period unless, based upon the unavailability of one or more parties or stipulation of the parties, all parties request a later time. The Court will make its conference room available at the Warren E. Burger Federal Building and United States Courthouse in St. Paul, Minnesota. The Court expects the parties to communicate and negotiate in good faith to once and for all establish a final implementation plan as to parts 1 and 2. The Court has entered a separate order addressing part 3 of the Comprehensive Plan of Action, which is the Olmstead Plan. In the event the parties cannot once and for all agree on establishment of an Implementation Plan, then the Court will do so after 90 days from the date of this Order.

Within one week of the completion of the conference ordered herein, the Court Monitor shall submit a final report to the Court addressing the Implementation Plan. The Court will permit each party to submit a response, including the Court's consultants, if they wish, within one week of receipt of the Court Monitor's final report. The time has come to truly serve the best interests of individuals with disabilities within the State of Minnesota. Cooperation and communication of all parties are absolutely essential if that is to occur.

2. The Court reserves the right to extend the jurisdiction of this Court beyond December 2014. The Court also reserves the right to vacate specific provisions of the Settlement Agreement in the event no Implementation Plan is agreed to.

3. Under separate order, the Court will address the Motion for Sanctions and Plaintiffs' request for attorney fees, as it said it would, in the Court's December 17, 2013 Order.

Dated: January 22, 2014         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge