# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

James and Lorie Jensen, as parents, guardians, and next friends of Bradley J. Jensen; James Brinker and Darren Allen, as parents, guardians, and next friends of Thomas M. Allbrink; Elizabeth Jacobs, as parent, guardian, and next friend of Jason R. Jacobs; and others similarly situated,

Civil No. 09-1775 (DWF/FLN)

Plaintiffs,

v.                                                                                                          **ORDER**

Minnesota Department of Human Services, an agency of the State of Minnesota; Director, Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Clinical Director, the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Douglas Bratvold, individually and as Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Scott TenNapel, individually and as Clinical Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; and the State of Minnesota,

Defendants.

_____

Mark R. Azman, Esq., and Shamus P. O'Meara, Esq., O'Meara Leer Wagner & Kohl, PA, counsel for Plaintiffs.

Aaron Winter, Scott H. Ikeda, and Anthony R. Noss, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for State Defendants.

Samuel D. Orbovich, Esq., and Christopher A. Stafford, Esq., Fredrikson & Byron, PA, counsel for Defendant Scott TenNapel.

---

## INTRODUCTION

This matter is before the Court on Defendants' March 18, 2015 letter to the Court seeking "clarification on the scope of the Court's January 9, 2015 Order requiring the State to submit a revised Olmstead Plan by March 20, 2015" and requesting "the Court to extend the March 20 due date to allow for clarification of the Court's January 9 Order." (Doc. No. 398.)  Plaintiffs oppose Defendants' request.  (Doc. No. 399.)  For the reasons set forth below, the Court denies Defendants' request in its entirety.

## DISCUSSION

### I.     Defendants' Request for Clarification

Defendants first seek clarification of the Court's January 9, 2015 Order, which Defendants "understood[] to mean that the Court did not intend the State to revise the provisionally approved portions, but only to revise the specific items found to be deficient."  (Doc. No. 398 at 1.)

Plaintiffs oppose Defendants' request for clarification.  Plaintiffs assert that "[t]he Court's January 9, 2015, Order uses several examples to clearly illustrate and clarify the approach the Court wanted DHS to undertake (after previous failed attempts by DHS to comply with the Court's Orders) in formulating measurable goals and objectives for the entire Olmstead Plan to carry out DHS obligations to people with disabilities."  (Doc.

No. 399 at 2.)  In addition, Plaintiffs assert that "on January 12, 2015, just *three days*

after the Court's January 9, 2015, Order was issued, the Court Monitor specifically

reminded DHS that examples in the Court's January 9, 2015, Order are not the only parts

of the Olmstead Plan which need reconsideration."  (*Id.* at 3.)

The Court concludes that Defendants' clarification request is neither reasonable

nor justified.  First, the Court notes that it expressly stated in its January 9, 2015 Order

that what Defendants refer to as "specific items found to be deficient" were simply

examples of deficiencies.  In the Court's January 9, 2015 Order, the phrase "for example"

repeatedly follows broad findings of deficiencies in each of the proposed *Olmstead* Plan's

topic areas.  (*See, e.g.*, Doc. No. 378 at 12 ("The Court finds that many of the State's

specific proposals to accomplish these strategies are inadequate.  For example, . . .").)

Although the Court identified only a number of the most glaring examples in the

proposed *Olmstead* Plan, the Court anticipated that Defendants would use the same

framework to revisit and address other inadequacies in the proposed *Olmstead* Plan.

Moreover, the Court has repeatedly provided Defendants with the standards against

which the *Olmstead* Plan is to be measured.  (*See, e.g.*, *id.* at 4 (reiterating that "these

topical goals must be assessed as to whether they are concrete, realistic, strategic,

measurable, and timely"); Doc. No. 344 (providing that "the Proposed *Olmstead* Plan

must contain concrete, reliable, and realistic commitments, accompanied by specific and

reasonable timetables, for which the public agencies will be held accountable").)  The

Court encourages Defendants to review the requirements set forth in *Olmstead v. L.C.*,

527 U.S. 582 (1999), and in the numerous prior orders of this Court.

**II.     Defendants' Request for Extension of Time**

Defendants also request an extension of time to file the revised *Olmstead* Plan.

Defendants assert that because they did not proceed with the understanding that the

Court's January 9, 2015 Order "was to apply broadly, not just to specific items mentioned

in the Order," they "are not prepared to submit a plan that meets those requirements."

(Doc. No. 398 at 1.)  Defendants seek the Court's approval to submit "a timetable and

work plan for revision of the Plan."  (*Id.*)

Plaintiffs strongly oppose Defendants' request for an extension of time.  Plaintiffs

assert that Defendants' letter "does not reference that it was submitted with Court

permission, nor does the letter comply with the local rules for reconsidering Court orders."

(Doc. No. 399 at 2 (citing D.Minn. LR 7.1).)  In addition, Plaintiffs argue that the Court's

January 9, 2015 Order was publicly filed and available to Defendants for the past nine

weeks.  (Doc. No. 399 at 2.)  Plaintiffs assert that "[m]indful of the lengthy history

involving DHS non-compliance and prior Olmstead Plan deadline extensions, any

requests for further clarification and extension of Olmstead Plan deadlines should have

been sought immediately after the January 9, 2015, Order was issued."  (*Id.*)  Plaintiffs

further argue that "the letter offers no compelling reason to justify an extension of the

March 20 revised deadline."  (*Id.*)

The Court concludes that Defendants' request is untimely and inappropriate.

Defendants submitted the March 18, 2015 letter request a mere two days before the

deadline for filing the revised *Olmstead* Plan.  Defendants waited more than two months

after the issuance of the Court's January 9, 2015 Order to submit the request for an

extension of time.  Defendants should have sought clarification of the Court's Order immediately, as consistent with standard practice, rather than two days before the filing deadline.  The Court views Defendants' request for an extension of time to be an unjustified variance from standard practice and to be disrespectful to the Court and all interested parties in light of the Court's established deadlines.

In addition, Defendants' request needlessly delays closure on final approval of the *Olmstead* Plan.  The Court reminds Defendants of their promise to "develop and implement a comprehensive *Olmstead* Plan" more than three years ago at the time of the Settlement Agreement.  (*See* Doc. No. 136, Ex. A at 18.)  Defendants have failed to meet previous *Olmstead* Plan filing deadlines, resulting in revised deadlines and additional delays.  (*See, e.g.*, Doc. No. 265 (extending Defendants' November 1, 2013 filing deadline to July 15, 2014).)  The Court encourages Defendants to timely fulfill their obligations under the Settlement Agreement.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' request for clarification of the Court's January 9, 2015 Order and an extension of time (Doc. No. [398]) is **DENIED**.


Date:  March 19, 2015                                s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      United States District Judge