# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Lorie Jensen, as parents, guardians, and next friends of Bradley J. Jensen; James Brinker and Darren Allen, as parents, guardians, and next friends of Thomas M. Allbrink; Elizabeth Jacobs, as parent, guardian, and next friend of Jason R. Jacobs; and others similarly situated, | Civil No. 09-1775 (DWF/BRT) |
| Plaintiffs, | |
| v. | **ORDER FOR REPORTING ON SETTLEMENT AGREEMENT** |
| Minnesota Department of Human Services, an agency of the State of Minnesota; Director, Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Clinical Director, the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Douglas Bratvold, individually and as Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; Scott TenNapel, individually and as Clinical Director of the Minnesota Extended Treatment Options, a program of the Minnesota Department of Human Services, an agency of the State of Minnesota; and the State of Minnesota, | |
| Defendants. | |

---

Shamus P. O'Meara, Esq., and Mark R. Azman, Esq., O'Meara Leer Wagner & Kohl, PA, counsel for Plaintiffs.

Nathan A. Brennaman, Deputy Attorney General, Scott H. Ikeda, Aaron Winter, and Anthony R. Noss, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for State Defendants.

_____

On May 28, 2015, this matter came before the Court for a Status Conference. (Doc. No. 456.) Following this Status Conference, the parties participated in mediation meetings with Magistrate Judge Becky R. Thorson between June 2015 and October 2015. On June 18, 2015, the Court stayed the parties' and the Court Monitor's reporting obligations to the Court based on the status of the mediation proceedings. (Doc. No. 462 at 2.) On July 9, 2015, the Court extended the stay of the reporting requirements during the pendency of the mediation period to August 10, 2015. (Doc. No. 472 at 2.) The Court reserved the right to address the resumption of status reports or any modified reporting obligations by separate Order. (*Id.*) On February 2, 2016, the Defendants submitted the *Jensen Settlement Agreement Comprehensive Plan of Action (CPA) – Ninth Compliance Update Report*, *Reporting Period: May 1 – September 30, 2015* ("Gap Report").[1] (Doc. No. 531.)

Currently before the Court is the Plaintiffs' Proposal for Reporting on *Jensen* Agreement, received by the Court on February 10, 2016 (Doc. No. 537), and the Defendants' Proposal on Compliance Reporting, received by the Court on February 12, 2016 (Doc. No. 539). Both parties seek an Order from the Court establishing a schedule for compliance reporting with respect to the Stipulated Class Action Settlement

---

[1]   The Court is currently reviewing Defendants' Gap Report and will address this report in a forthcoming order. In particular, the Court may provide directives as to the adequacy and format of the Gap Report in this subsequent order.

2

Agreement ("Settlement Agreement") (Doc. No. 136-1) and the Comprehensive Plan of Action ("CPA") (Doc. No. 283).

## ORDER

Based upon the submissions of the parties, the entire record before the Court, the Court's determination that there is a need for an Order establishing a schedule for compliance reporting, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. The Minnesota Department of Human Services ("DHS") shall submit to the Court, Plaintiffs' Class Counsel, the Ombudsman for Mental Health and Developmental Disabilities, and the Executive Director of the Minnesota Governor's Council on Developmental Disabilities ("Consultants") exception, semi-annual, and annual Comprehensive Plan of Action ("CPA") reports based on the schedule listed in the attached Exhibit A entitled "Jensen Settlement Agreement Comprehensive Plan of Action Reporting Schedule. Appendix A." (*See* attached Exhibit A.)

2. Semi-annual reporting shall occur according to the following schedule:

    a. First semi-annual (January, February, March, April, May, June) CPA report due date August 31.[2]

    b. Second semi-annual (July, August, September, October, November, December) CPA report due date February 28, or, in the case of a leap year, February 29.

---

[2] The first semi-annual report due August 31, 2016 shall also include reporting for October, November, and December 2015.

3. Annual Reports shall cover the period of January 1 to December 31 and shall be due on or before March 31.

4. Exception reporting is to be in accordance with the time frame and for the reasons listed in Exhibit A, with the exclusion of reports for Emergency Use of Manual Restraint ("EUMR") which are governed by the terms of the Stipulated Class Action Settlement Agreement (Doc. No. 136-1).

5. When the reporting date is a Saturday, Sunday, or a legal holiday, the reporting shall be effected on the next day that is not a Saturday, Sunday, or legal holiday, as provided in Federal Rule of Civil Procedure 6(a)(1)(C).

6. All data included in reports to the Court must be confirmed as reliable and valid. All statements made in the reports must be accurate, complete, timely, and verified.

7. DHS shall provide a draft of the semi-annual and annual reports for comment to the Consultants no fewer than fifteen (15) business days prior to the due date of each report.

8. The Consultants may provide comment or feedback to DHS no later than close of business seven (7) business days before the due date of each report.

9. DHS shall submit all reports to the Court according to formal court filing procedures.

10. The Court understands that DHS has hired Dr. Daniel Baker as the new *Jensen* Internal Reviewer, replacing Dr. Richard Amado. (*See* Doc. No. 531, Gap Report at 28-29.) The Court approves of this replacement. DHS shall advise the Court, after

consultation with the Consultants regarding replacement of the Internal Reviewer (CPA Evaluation Criteria ("EC") 39), when the person responsible as the Internal Reviewer changes.  Such change shall be reflected in the first semi-annual or annual CPA report following the change.

11.     DHS shall reflect changes to a designated "Person responsible" in the first semi-annual or annual CPA report following the change.

12.     Plaintiffs' Class Counsel and the Consultants are permitted, but not required, to submit written comments to the Court following DHS's submission of an exception, semi-annual, or annual report.  Such comments must be submitted to the Court no later than ten (10) days following the report's submission.

13.     The Court will convene bi-annual status conferences with Defendants' Counsel, Plaintiffs' Class Counsel, and the Consultants to facilitate the Court's continued oversight of the Defendants' compliance with the CPA and the *Jensen* Settlement Agreement.  Status conferences will be convened by the Court each June and December, beginning in June 2016.  Prior to each status conference, the Court will issue an Order clarifying the timing and location of each status conference as well as a planned agenda explaining topics to be discussed.

14.     DHS shall consult with Plaintiffs' Class Counsel and the Consultants if DHS contemplates proposing to modify the reporting schedule or format, and any such proposals must be submitted to the Court for approval.  If the Court requires modifications to the reporting schedule or format, it will notify DHS.

15. Prior orders of the Court (Doc. Nos. 136, 136-1, 159, 211, 212, 223, 224, 266, 284, 323, 340, 457, 462, & 472) and the CPA (Doc. No. 283), as they relate to the schedule for and submission of compliance reporting, are superseded by this Order to the extent they are inconsistent with this Order only as to reporting requirements.

16. The Court understands that DHS is developing a "pool" of independent subject matter experts. (*See* Doc. No. 531, Gap Report at 6.) The Court will consider proposals by both parties regarding how the independent subject matter experts may be utilized for external reporting. Such proposals must be submitted to the Court within seven (7) days of this Order.

17. The Court will issue separate Orders regarding the role and reporting requirements of the Court Monitor, the external reviewer, and the independent subject matter experts.

18. Based on all of the above and the current status of this matter, and pursuant to the Settlement Agreement § XVIII.B and the Court's September 3, 2014 Order (Doc. No. 340), the Court's jurisdiction is extended to December 4, 2019. The Court expressly reserves the authority and jurisdiction to order an additional extension of jurisdiction, depending upon the status of Defendants' compliance and absent stipulation of the parties.

Dated:  February 22, 2016         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge